# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Leonard Thrasher, <br><br> Plaintiff, <br><br> v. <br><br> Johnson, Smith & Associates, <br><br> Defendant(s). | **COMPLAINT** |

Plaintiff LEONARD THRASHER, by and through his attorneys, Hussey Law Firm, LLC, complaining of the Defendant, hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  Venue is properly in this Court under 28 U.S.C. §§ 1391(b)(2) and (b)(3), because a substantial part of the events giving rise to the claim occurred in this judicial district, and Defendant is subject to this Court's personal jurisdiction with respect to this action.

## PARTIES

3. Plaintiff, Leonard Thrasher, is an adult residing in Athens, AL.

4. Defendant Johnson, Smith & Associates is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 400 West Cummings Park, Suite 1725-135, Woburn, MA 01801. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Defendant Johnson, Smith & Associates attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Health Management Associates.

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

9. Defendant sent Plaintiff a dunning letter dated May 7, 2018. See attached Exhibit A.

10. In this letter, Defendant repeatedly threatens legal action on a thirteen year old hospital bill which is many years past the statute of limitations to sue on. This letter mischaracterizes this time-barred debt as a "breach of contract" and misleadingly states in large capital letters, in bolded font, that it is the "**FINAL DEMAND**" to pay it.

11. This letter also states, "We have turned your account over to our legal department and instructed them to commence without further delay. Please be advised that unless we receive payment in full on this account within the date listed below, we will immediately turn this case over to our filing department for legal collection proceedings against you without further notice." All of this language violates the FDCPA.

12. This letter also illegally threatens Plaintiff's credit: "Collection proceedings may also have an adverse effect on your credit rating." This debt is much too old to appear on Plaintiff's credit report.

13. This letter concludes with an illegal threat of legal action in large letters and bolded font: "**If this firm does not get a response by May 16th, 2018, we will proceed under the assumption that you have given up your last legal right and opportunity to settle this account voluntarily.**"

14. The letter is signed by "Chad Armstrong, Director of Litigation". Defendant is not a law firm and is therefore in violation of the FDCPA for presenting itself as a law firm when it is not one.

15. There are similar violations on Defendant's subsequent dunning letter to Plaintiff dated May 16, 2018, where Defendant offers a settlement and threatens, "If you fail to take advantage of this offer, you leave us no choice but to recommend this case proceed with legal action." See attached Exhibit B.

16. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its

actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

19. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

### **CLAIMS FOR RELIEF**
(Fair Debt Collection Practices Act)

20. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19 herein.

21. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

22. Defendant violated provisions of the FDCPA, including, but not limited to, the following:

    a. The use of any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e-preface;

    b. The false representation of the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

    c. The false representation that any communication is from an attorney in violation of 15 U.S.C. § 1692e(3);

    d. The threat to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

    e. Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, in violation of 15 U.S.C. § 1692e(8);

    f. The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

    g. Engaging in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

23. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000.00, attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant as follows:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

Dated: October 18, 2018

**Hussey Law Firm, LLC**

By: /s/ Curtis R. Hussey
Curtis R. Hussey - (ASB 7684 S57C)
*Attorney for Plaintiff*

**ADDRESS OF COUNSEL:**
Hussey Law Firm, LLC
10 N. Section #122
Fairhope, AL 36532
Tel: (251) 928-1423
Email: gulfcoastadr@gmail.com